AO 245B(05-MA)    (Rev 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.

**JEROME BARBOZA**

### JUDGMENT IN A CRIMINAL CASE

Case Number: **1:  08  CR  10140    - 001 - MLW**

USM Number: 26943-038

Michael Bourbeau, Esq.

Defendant's Attorney

☑ Additional documents attached

Map/List of Individuals - Non-Association List

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841(a)(1) | Distribution of Cocaine Base | 08/01/07 | 1 |

The defendant is sentenced as provided in pages 2 through ___13___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/11/09

Date of Imposition of Judgment

Signature of Judge

The Honorable Mark L. Wolf

Chief Judge, U.S. District Court

Name and Title of Judge

April 28, 2009

Date

♽AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                     Sheet 2 - D  Massachusetts - 10/05

Judgment — Page ___2___ of ___13___

DEFENDANT:     **JEROME BARBOZA**                              ▪
CASE NUMBER: **1: 08 CR 10140   - 001 - MLW**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:       24       month(s)

✓ The court makes the following recommendations to the Bureau of Prisons:

That the defendant receive drug treatment and participate in a program to obtain his G.E.D.

✓ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.   ☐ p.m.   on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

℔AO 245B(05-MA)     (Rev 06/05) Judgment in a Criminal Case
                    Sheet 3 - D. Massachusetts - 10/05

Judgment—Page    3    of    13

DEFENDANT:     **JEROME BARBOZA**                                    ⊞
CASE NUMBER: **1: 08 CR 10140   - 001 - MLW**

### SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     48   month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page ___4___ of ___13___

DEFENDANT:     **JEROME BARBOZA**
CASE NUMBER: **1: 08 CR 10140   - 001 - MLW**

## ADDITIONAL☑ SUPERVISED RELEASE☐ PROBATION TERMS

The defendant shall not, without permission from the United States Probation Office, return to the Montes Park area of New Bedford, Massachusetts. A map of the area is attached to the judgment.

The defendant shall not associate with any of the individuals of the Montes Park Street Gang identified on the list attached to this judgment.

If the defendant has not obtained his G.E.D. while in custody then he shall participate and complete a G.E.D. program while on supervised release.

The defendant is to participate in a program for substance abuse as directed by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall contribute to the costs of said program based on the ability to pay or the availability of a third party payment.

The defendant is to participate in a vocational training program as directed by the United States Probation Office.

### Continuation of Conditions of ☐ Supervised Release ☐ Probation

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page   5   of   13

DEFENDANT: **JEROME BARBOZA**
CASE NUMBER: **1: 08 CR 10140 - 001 - MLW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $    $100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ See Continuation
Page

| **TOTALS** | $ _____ $0.00 | $ _____ $0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **JEROME BARBOZA**                       Judgment — Page    6    of    13
CASE NUMBER: **1: 08 CR 10140  - 001 - MLW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     ☐ Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance    ☐ C,   ☐ D,    ☐ E, or    ☐ F below; or

B     ☒ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C     ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D     ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E     ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F     ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                                    ☐ See Continuation
                                                                           Page
      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev  06/05) Criminal Judgment
           Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **JEROME BARBOZA**                    ◼           Judgment — Page  **7**  of   **13**
CASE NUMBER: **1: 08 CR 10140  - 001 - MLW**
DISTRICT:            **MASSACHUSETTS**

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☐    **The court adopts the presentence investigation report without change.** that effects the Guideline
                                                                                Range
B  ☑    **The court adopts the presentence investigation report with the following changes.**
        (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
        (Use Section VIII if necessary )

    1    ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or
              specific offense characteristics).

    2    ☐    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments,
              role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility).

    3    ☐    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or
              scores, career offender, or criminal livelihood determinations):

    4    ☑    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the
              presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
              or programming decisions):

              It was not proven that the defendant was an "associate" of a gang.

C  ☐    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☑    No count of conviction carries a mandatory minimum sentence

B  ☐    Mandatory minimum sentence imposed

C  ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
        sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
        does not apply based on

        ☐    findings of fact in this case
        ☐    substantial assistance (18 U.S.C. § 3553(e))
        ☐    the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:            21
Criminal History Category:    11
Imprisonment Range:      41        to  51      months
Supervised Release Range:    36        to          years
Fine Range: $  7,500        to  $   1,000,000
☑    Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **JEROME BARBOZA**    ⊞
CASE NUMBER: **1: 08 CR 10140  - 001 - ML当**
DISTRICT:        **MASSACHUSETTS**

## STATEMENT OF REASONS

**IV**  **ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

   A  ☐  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart

   B  ☐  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary )

   C  ☐  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

   D  ☑  The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V**  **DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

   A  **The sentence imposed departs** (Check only one.):
     ☐  below the advisory guideline range
     ☐  above the advisory guideline range

   B  **Departure based on** (Check all that apply.):

     1    **Plea Agreement** (Check all that apply and check reason(s) below.):
        ☐  5K1.1 plea agreement based on the defendant's substantial assistance
        ☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
        ☐  binding plea agreement for departure accepted by the court
        ☐  plea agreement for departure, which the court finds to be reasonable
        ☐  plea agreement that states that the government will not oppose a defense departure motion.

     2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
        ☐  5K1.1 government motion based on the defendant's substantial assistance
        ☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
        ☐  government motion for departure
        ☐  defense motion for departure to which the government did not object
        ☐  defense motion for departure to which the government objected

     3    **Other**
        ☐  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

   C  **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | |
|---|---|---|---|---|
| ☐ 4A1 3 | Criminal History Inadequacy | ☐ 5K2 1 | Death | ☐ 5K2.11 Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2 2 | Physical Injury | ☐ 5K2 12 Coercion and Duress |
| ☐ 5H1 2 | Education and Vocational Skills | ☐ 5K2 3 | Extreme Psychological Injury | ☐ 5K2 13 Diminished Capacity |
| ☐ 5H1 3 | Mental and Emotional Condition | ☐ 5K2 4 | Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare |
| ☐ 5H1 4 | Physical Condition | ☐ 5K2 5 | Property Damage or Loss | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5H1 5 | Employment Record | ☐ 5K2 6 | Weapon or Dangerous Weapon | ☐ 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ 5H1 6 | Family Ties and Responsibilities | ☐ 5K2 7 | Disruption of Government Function | ☐ 5K2.18 Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2 0 | Aggravating or Mitigating Circumstances | ☐ 5K2 10 | Victim's Conduct | ☐ 5K2 22 Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 Discharged Terms of Imprisonment |
| | | | | ☐ Other guideline basis (*e.g.*, 2B1.1 commentary) |

   D  **Explain the facts justifying the departure. (**Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D  Massachusetts 10/05

DEFENDANT:  **JEROME BARBOZA**
CASE NUMBER: **1: 08 CR 10140  - 001 - MLW**
DISTRICT:  **MASSACHUSETTS**

Judgment — Page  9  of  13

## STATEMENT OF REASONS

### VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
(Check all that apply.)

A  **The sentence imposed is** (Check only one.):
☑ below the advisory guideline range
☐ above the advisory guideline range

B  **Sentence imposed pursuant to** (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3  **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below )

C  **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U S C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U S C  § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U S C  § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U S C  § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U S C  § 3553(a)(7))

D  **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

The defendant sold a small amount of drugs and was swept up in an investigation that has resulted in the federal indictment of 15 other individuals. Although he has a long record since age 14, defendant does not have a record of violence, nor is there information suggesting a history or threat of violence. He needs a GED and perhaps drug treatment. The court is persuaded that 2 years in custody, plus the prospect of 4 more if defendant violates the conditions of his Supervised Release is sufficient but no more than necessary to serve the statutory purposes of sentencing. His agreement to terms of Supervised Release that prohibit returning to the area of the crime and associating with identified people there should protect the community and reduce the risk of recidivism.

AO 245B ( 05-MA) (Rev 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons  - D  Massachusetts - 10/05

DEFENDANT:           **JEROME BARBOZA**                                  Judgment — Page   10  of      13
CASE NUMBER:    **1: 08 CR 10140   - 001 - MLW**
DISTRICT:            **MASSACHUSETTS**

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A   ☑   Restitution Not Applicable.

B   Total Amount of Restitution:   _____

C   Restitution not ordered (Check only one.):

   1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of
            identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A)

   2   ☐   For offenses for which restitution is otherwise mandatory under 18 U S C. § 3663A, restitution is not ordered because determining complex
            issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree
            that the need to provide restitution to any victim would be outweighed by the burden on the senteneing process under 18 U.S.C. § 3663A(c)(3)(B).

   3   ☐   For other offenses for which restitution is authorized under 18 U S C  § 3663 and/or required by the senteneing guidelines, restitution is not
            ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh
            the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4   ☐   Restitution is not ordered for other reasons  (Explain.)

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:    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                     Date of Imposition of Judgment
                                                             03/11/09
Defendant's Date of Birth:    00/00/1985

Defendant's Residence Address:   New Bedford, MA             Signature of Judge
                                                             The Honorable Mark L. Wolf        Chief Judge, U.S. District Court
Defendant's Mailing Address:                                 Name and Title of Judge
                              Plymouth, MA                   Date Signed _____



## MONTES PARK STREET GANG

Adams, Aaron A.
Adams, Walter Leftridge III
Almeida, Attim A
Almeida, Corey
Amado, Claudio R
Amado, Jair R
Barboza, Jerome J
Bey, Bahamas
Bizzaro, Louis I
Bravo, Jessica
Butler, Johnathan A.
Carmo, Dana Michael
Castillo, Christian
Coleman, Rashad
Cromwell, Justin James
Crowder, Charles
Crowder, Dwayne Lamont
Daveiga, Daniel T
Depina, David Paul
Duarte, Bobbie A
Fennicks, Tyrone Jason
Fortes, John H
Gelmete, Eric D
Gilbert, Ru'shun U
Gomes, Daniel
Gonsalves, Tobey A
Gonzalez, Erick Dwayne
Green, Raymond
Grupee, Austin
Hart, Michael E.
Hector, William J
Howell, Francis L.
Jones, Randalph Edward

Lague, Claude
Leite, Osvoldo
Massey, Jody A
Miranda, Fagbemi Jr.
Miranda, Wallace III
Miranda, Wayne
Morris, Steven R
Parson, Keither
Pena, Gilberto Gabriel
Pina, Brandon
Pina, Michael J.
Pina, Shane Dion
Pina, Valentino
Pires, Derek D
Pluviose, Jean MacKensy
Pluviose, Marc
Rivera, Moises Jr.
Roderick, Ceasare
Rodriguez, Ross
Rudolph, Brian E
Santos, Franco
Silva, Manuel C
Toddman, Jeremy
Vaughan, Aaron Theodore
Watkins, Aaron
Webb, Ronald E. Jr.
Wilson, Albon Everett

2